IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| KENNADO K. TAYLOR, #131825, | ) |
|---|---|
| Plaintiff, | ) ) ) ) Case No. 19-cv-001361-NJR |
| vs. | ) ) |
| NURSE SARAH, PAM HARTMAN, TINA ROBER, SHERRI RIDER, TAMMY CRAIG, JOHN DOE, and DENNIS SCHROEKER, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL**, **Chief Judge:**

Plaintiff Kennado K. Taylor, an apparent pretrial detainee currently detained at Chester Mental Health Center ("Chester"), brings this action pursuant to 42 U.S.C. § 1983 claiming imminent danger of serious physical injury due to deliberate indifference to a serious medical need. According to the Complaint, on December 8, 9, and 10, 2019, he was denied treatment for his cold, which has aggravated his asthma and resulted in asthma attacks. (Doc. 1). Taylor states that he was not treated in retaliation for filing previous lawsuits. (*Id.* at p. 3). He also claims that when he asked for his asthma medicine, he was told that he had already been given a dose that day and would be given another dose until that night. (*Id.*).

Along with the Complaint, Taylor filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 2). Taylor indicates that he has filed forty-five previous lawsuits, and a review of the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) reveals that

Taylor has had more than three cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. *See Taylor v. Doe, et al.,* No. 17-cv-2347 (N.D. Ill. dismissed June 2, 2017); *Taylor v. Doe, et al.,* No. 17-cv-2348 (N.D. Ill. dismissed June 2, 2017); *Taylor v. Doe, et al.,* No. 17-cv-2349 (N.D. Ill. dismissed June 5, 2017); *Taylor v. Doe, et al.,* No. 17-cv- 5537 (N.D. Ill. dismissed Sept. 22, 2017); *Taylor v. Doe, et al.,* No. 17-cv-6001 (N.D. Ill. dismissed Sept. 22, 2017). Thus, he may not proceed IFP unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). As discussed below, it is unclear whether Taylor satisfies this standard, and so the Complaint will be dismissed, and he will be granted leave to amend.

## IN FORMA PAUPERIS MOTION

Section 1915(g) prohibits a prisoner from bringing a civil action or appealing a civil judgment IFP, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because Taylor has accumulated five "strikes" for purposes of Section 1915(g), he cannot proceed IFP unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

"[I]mminent danger" within the meaning of Section 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past

2

injury that has not recurred, courts deny them leave to proceed [as a pauper]." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

Here, it is not clear whether the allegations pertaining to Defendants' failure to treat Taylor's cold and asthma meet the Seventh Circuit's standard for imminent danger. Taylor claims that he was denied treatment on three days in December, and that he was denied asthma medication because he was already administered a dose that day. These allegations would suggest that he is receiving treatment and that the harm is not reoccurring. He also states, however, that he is still sick and is having asthma attacks, and so is not clear whether he is still being denied medical treatment.

Taylor is granted leave to file an amended complaint so that he can provide more factual detail regarding his current treatment. When repleading these claims in the First Amended Complaint, Taylor should identify who violated his constitutional rights by name, if known. He should explain whether he is receiving medical treatment for his cold and asthma, and include a description of how his rights were violated and continue to be violated by each defendant.

## DISPOSITION

**IT IS HEREBY ORDERED** that, for the reasons state, the Complaint (Doc. 1) is **DISMISSED** without prejudice. The Court defers ruling on the Motion for Leave to Proceed *in forma pauperis* (Doc. 2) until after the deadline for Taylor to file the First Amended Complaint.

Taylor is **GRANTED** leave to file a "First Amended Complaint" on or before **January 13, 2020**. Should Taylor fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir.

1994); 28 U.S.C. § 1915(e)(2). In the alternative, Taylor may also avoid dismissal by paying the full filing fee of $400.00 by **January 13, 2020**, and at which point the Court would screen the original Complaint pursuant to 28 U.S.C. § 1915A.

It is strongly recommended that Taylor use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-01361-NJR). To enable Taylor to comply with this Order, the **CLERK** is **DIRECTED** to mail Taylor a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Taylor must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Taylor is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 23, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**