IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNADO K. TAYLOR, #M25370, <br><br> Plaintiff, <br><br> v. <br><br> NURSE SARAH, <br> PAM HARTMAN, <br> TINA ROBER, <br> SHERRI RIDER, <br> TAMMY CRAIG, <br> JOHN DOE, and <br> DENNIS SCHROEKER, <br><br> Defendants. | Case No. 19-cv-01361-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Kennado Taylor, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pontiac Correctional Center, filed this civil action while an apparent pretrial detainee at Chester Mental Health Center ("Chester") pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Along with the Complaint, Taylor filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 2). Because Taylor has had more than three cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim, he is not able to proceed IFP unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also* Doc. 4 (discussing case history). Following a review pursuant to Section 1915(g), the Court dismissed the original Complaint because it was not clear whether his claims regarding treatment of his cold and asthma met the Seventh Circuit's

standard for imminent danger. (Doc. 4, p. 3). With the Court's leave, Taylor filed an Amended Complaint (Doc. 8) along with another motion to proceed IFP (Doc. 9).

In the Amended Complaint, Taylor alleges that on December 8, 9, 10, 13, and 16 of 2019, he was denied medical treatment for his cold and asthma, despite putting in several sick call requests and notifying Defendants. (Doc. 8, p. 5). He states that Defendants denied and delayed providing him treatment in retaliation for filing lawsuits. (*Id.* at p. 7). He seeks monetary damages.[1]

## IN FORMA PAUPERIS MOTION

Because Taylor has accumulated five "strikes" for the purposes of Section 1915(g), he cannot proceed IFP unless he is under imminent danger or serious physical injury. 28 U.S.C. § 1915(g). "Imminent danger" within the meaning of Section 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

Here, the allegations pertaining to Taylor's inadequate medical treatment at Chester do not meet the Seventh Circuit's standard for imminent danger. His allegations of harm

---

[1] Taylor has not filed a motion for a temporary restraining order or preliminary injunction pursuant to Federal Rule of Civil Procedure 65 or requested any type of injunctive relief.

occurred on five occasions in December 2019, and thus, they do not support a risk of current imminent harm. *See Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1174 (7th Cir.2010) (exception for imminent injury designed "to prevent impending harms, not those harms that had already occurred"). Additionally, at the time Taylor filed his Amended Complaint, it appears he was no longer at Chester, as his return address was Sangamon County Jail in Springfield, IL. On January 27, 2020, he notified that Court that he had again been transferred to Graham Correctional Center, and on February 18, 2020, he notified the Court that he is currently incarcerated at Pontiac Correctional Center. (Docs. 12, 18). Taylor is, therefore, no longer subject to the alleged unconstitutional treatment of Defendants that put him in danger of serious bodily harm at Chester. Taylor's Motions to Proceed IFP (Docs. 2, 9) are denied.

## PENDING MOTIONS

Taylor has filed a motion asking the Court for a copy of any order that the Court issued and was subsequently returned as undeliverable prior to him notifying the Court of his current address at Pontiac. (Doc. 16). The motion is denied as moot. The Court received back as undeliverable Docs. 3 and 11, the Consent to Proceed Before a Magistrate Judge Jurisdiction Form. (*See* Docs. 6, 13). The Court resent the form, and Taylor has filed it with the Clerk of Court.

Taylor also has filed motions asking for a copy of all his open cases in this district. (Docs. 20, 23). The motions are granted, and the Clerk of Court is directed to send Taylor a copy of the current docket sheet in this matter.

Taylor's Motions for Status (Docs. 22, 24, 25) are denied as moot, in light of this order, and the Motions to Appoint Counsel (Docs. 10, 19) shall remain pending.

DISPOSITION

For the reasons set forth above, Taylor's Motions to Proceed *in forma pauperis* (Docs. 2, 9) are **DENIED**. The Motion for Copies (Doc. 16) is **DENIED as moot**, and the Motions for Copies (Docs. 20, 23) are **GRANTED.** The Clerk of Court is **DIRECTED** to send Taylor a copy of the docket sheet. The Motions for Status (Docs. 22, 24, 25) are **DENIED as moot,** in light of this order. The Motions to Appoint Counsel (Docs. 10, 19) shall remain pending.

Taylor **SHALL PAY** the full filing fee of $400.00 for this action on or before **June 3, 2020**. If Taylor fails to comply with this Order in the time allotted by the Court, this case will be dismissed for failure to comply with a court order and/or for failure to prosecute this action. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

Finally, Taylor is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   May 12, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**